THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MATT NOSLER and DHT ENTERPRISES**                                                    **PLAINTIFFS**

**v.**                                   **Case No. 4:20-cv-00267-KGB**

**QUICK & ASSOCIATES, JAY HIGGINS, and JEFF QUICK**                    **DEFENDANTS**

**ORDER**

Before the Court is the motion to dismiss filed by defendants Quick & Associates, Jay Higgins, and Jeff Quick (collectively, "defendants") (Dkt. No. 7) and the motion to remand filed by plaintiffs Matt Nosler and DHT Enterprises ("DHT") (collectively, "plaintiffs") (Dkt. No. 14). For the following reasons, the Court denies plaintiffs' motion to remand and grants defendants' motion to dismiss.

    **I.**    **Factual And Procedural History**

On November 2, 2019, plaintiffs filed a complaint against defendants in the Circuit Court of Pulaski County, Arkansas (Dkt. No. 2). In their complaint, plaintiffs allege that "Defendants were engaged in the practice of Accountancy in the State of Arkansas" and "brokered a sale transaction between Plaintiffs as seller(s) and RCN Enterprises on or about November, December of 2016." (*Id.*, ¶¶ 1, 2). Plaintiffs state that "Defendants knowingly made false statements and or representations related to the sales transactions to and or about interested parties." (*Id.*, ¶ 3). Specifically, plaintiffs claim that "Defendants falsely represented the sale price as 3.1 million dollars to McDonald's Inc. in an attempt to make the buyer (RCN) have a more favorable debt to credit ratio so that McDonald's would approve the transaction." (*Id.*, ¶ 4). Plaintiffs explain that "Defendants represented to the Plaintiffs that the buyer would include a $500,000 gift to the Plaintiffs as part of the sales transaction but not as part of the official record to McDonalds," and

that "Defendants communicated a sale price of $3.6 million to the Plaintiffs but $3.1 million to McDonald's Inc." (*Id.*, ¶ 5). A copy of the Acknowledgment of Gift is attached as Exhibit 1 to plaintiffs' complaint (*Id.*, at 5). A copy of a text message conversation in which the parties discussed the gift and the need to conceal its existence from McDonald's is attached as Exhibit 2 to plaintiffs' complaint (*Id.*, at 6). Plaintiffs, relying "upon the skill and knowledge of Defendants," executed the sale transaction documents; however, "the buyer did not provide the $500,000 gift as promised." (*Id.*, ¶¶ 6, 7 (citation omitted)).

Plaintiffs contend that, because of defendants' "malpractice and fraudulent representation to McDonald's corporation," they "incurred massive amount of interest on unpaid debt, loss of income, loss of business, loss of family and continues to suffer economic loss in excess of $1.5 million." (*Id.*, ¶¶ 8, 10). Plaintiffs elaborate: "Plaintiffs were injured in tort as a result of Defendants poor performance and negligence; and the Defendant has breached an implied contract because of their deviation from professional standards set by Arkansas Board of Accountancy as well as those established in Defendants' resident state of Arizona." (*Id.*, ¶ 12). Plaintiffs maintain that they "suffered harm as a result of the Defendants' conduct as outlined in Arkansas Code Annotated § 16-55-206," and further accuse defendants of "fail[ing] to adhere to the standards outlined in Arkansas Code Annotated 17-12-302, 308, 311 and 402 . . . ." (*Id.*, ¶¶ 13, 14). Finally, plaintiffs, citing Arkansas Code Annotated §§ 16-55-206 and 208, claim that they are "allowed to seek damages greater than three times the compensatory damages as a result of Defendant's malicious acts." (*Id.*, ¶ 15).

On March 12, 2020, defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(a), invoking the Court's diversity jurisdiction (Dkt. No. 1, ¶¶ 2–12). On April 2, 2020, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure (Dkt. No. 7).  Plaintiffs filed a response in opposition to the motion to dismiss on April 17, 2020 (Dkt. No. 12), to which defendants replied on April 24, 2020 (Dkt. No. 15).  Plaintiffs filed a motion to remand on April 17, 2020 (Dkt. No. 14).  Defendants filed a response in opposition to the motion to remand on April 30, 2020 (Dkt. No. 18).

## II.     Motion To Remand

Plaintiffs move to remand, arguing that "[t]his Court should deny the Defendants' request to remove this case from State Court because the claim arises out of a contract dispute written and/or dictated by the Defendants, which states in pertinent part on Page 17 part 11.6, ***this agreement shall be judged by the laws of the State of Arkansas.***"  (Dkt. No. 14, at 1 (citation omitted)).  The Court disagrees.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  Here, plaintiffs filed their motion to remand 36 days after defendants filed their notice of removal.  Therefore, the case may be remanded only if the Court determines that it lacks subject-matter jurisdiction over this action.

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  "A defendant may remove a state law claim to federal court only if the action originally could have been filed there."  *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005)).

In removing this action, defendants invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332 (Dkt. No. 1, ¶¶ 2–12).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires an

3

amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *In re Prempro Prod. Liab. Litig.*, 591 F.3d at 619–20 (citing 28 U.S.C. § 1332(a)). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). The Eighth Circuit has clarified that a limited liability company's citizenship is that of its members for diversity-jurisdiction purposes. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013). Further, "[a] defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed." *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992).

Because defendants removed this case to federal court, they bear the burden of establishing jurisdiction by a preponderance of the evidence. *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). The Court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007) (quoting *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)).

In their notice of removal, defendants allege that "[c]omplete diversity of citizenship exists between Plaintiffs and Defendants under 28 U.S.C. §§ 1332(a) and 1332(c)." (Dkt. No. 1, ¶ 3). Specifically, defendants note that plaintiffs allege that DHT is an Arkansas corporation with its principal place of business in Arkansas (*Id.*, ¶ 4 (citing Compl., ¶ 11)). Defendants allege that,

"upon information and belief, to the extent DHT is a limited liability company, its members are citizens of Arkansas" and that DHT is, therefore, a citizen of Arkansas (*Id.* (citation omitted)). Defendants further note that plaintiffs allege that Mr. Nosler is a resident of Pulaski County, Arkansas (*Id.*, ¶ 5 (citing Compl., ¶ 11)). On this basis, defendants conclude that Mr. Nosler is a citizen of Arkansas (*Id.*). Defendants then allege that Quick & Associates, Mr. Higgins, and Mr. Quick are citizens of Arizona (*Id.*, ¶¶ 6–8). Finally, defendants allege that the amount in controversy exceeds $75,000, exclusive of interest and costs, because plaintiffs allege that they have incurred losses in excess of $1.5 million (*Id.*, ¶ 11 (citing Comp., ¶ 10)).

In their motion to remand, plaintiffs do not challenge these allegations. Thus, the Court finds that defendants have established, by a preponderance of the evidence, complete diversity and an amount in controversy exceeding $75,000. That the contract upon which plaintiffs sue contains an Arkansas choice-of-law provision does not divest the Court of jurisdiction over this action, *see, e.g.*, *Tyler v. Alltel Corp.*, 265 F.R.D. 415, 423–25 (E.D. Ark. 2010) (finding, in a diversity case, that choice-of-law provisions in contracts for wireless telecommunications services were enforceable), nor does the fact that defendants wrote the contract. Accordingly, the Court denies plaintiffs' motion to remand the case to state court.

### III.     Motion To Dismiss

Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons explained below, the Court grants the motion.

#### A.     Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party, here, plaintiffs. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001). However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). Finally, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider documents or exhibits attached to a complaint, as well as matters of public and administrative record referenced in the complaint. *See Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006).

In short, "[a] complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### B.    Analysis

#### 1.    Negligence

To the extent that plaintiffs assert a negligence claim, that claim fails. To prevail on a claim of negligence in Arkansas, "the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries." *Duran v. Sw. Ark. Elec. Coop. Corp.*, 537 S.W.3d 722, 726 (2018), *reh'g denied* (Apr. 12, 2018).[1] Plaintiffs allege that they "were injured in tort as a result of Defendants poor performance and negligence . . . ." (Dkt. No. 2, ¶ 12). Apart from this conclusory allegation, plaintiffs have not alleged any facts to support a negligence claim against defendants.

In their response to defendants' motion to dismiss, plaintiffs attempt to flesh out their negligence claim. "However, it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Further, even if the Court were to consider plaintiffs' response to defendants' motion to dismiss, the allegations therein amount to a "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, and, thus, do not "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

#### 2.    Breach Of Contract

To the extent that plaintiffs assert a breach-of-contract claim, that claim, too, fails. To state a claim for breach of contract in Arkansas, "the complaint need only assert the existence of a valid and enforceable contract between the plaintiff and the defendant, the obligation of defendant

---

[1] Because there is no conflict between Arkansas and Arizona law, the Court assumes, without deciding, that Arkansas law applies to plaintiffs' common-law claims.

thereunder, a violation by the defendant, and damages resulting to plaintiff from the breach." *Farris v. Conger*, 512 S.W.3d 631, 634 (Ark. 2017) (citing *Rabalaias v. Barnett*, 683 S.W.2d 919, 921 (Ark. 1985)).  Plaintiffs' assertion that defendants have "breached an implied contract because of their deviation from professional standards" for accountants is too vague and conclusory to state a claim for breach of contract (Dkt. No. 2, ¶ 12).

### 3. Fraud

Under Arkansas law, there are five elements to the tort of fraud, misrepresentation, or deceit:

> (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance.

*Tyson Foods, Inc. v. Davis*, 66 S.W.3d 568, 577 (2002).  In addition to these elements, a plaintiff pleading fraud in federal court must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b), which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  To satisfy this heightened pleading standard, a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby."  *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013) (quoting *Abels*, 259 F.3d at 920).  "In other words, Rule 9(b) requires plaintiffs to plead 'the who, what, when, where, and how:  the first paragraph of any newspaper story.'"  *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (quoting *Great Plains Tr. Co. v. Union Pac. R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007)).

Plaintiffs allege that defendants "knowingly made false statements and or representations related to the sales transactions to and or about interested parties; more specifically DHT Enterprises, RCN and McDonalds, Inc." (Dkt. No. 2, ¶ 3). Plaintiffs further allege that they "were damaged as a result of the Defendants . . . fraudulent representation to McDonald's Corporation," and that they "were injured as a result of defendants' instruction to conceal pertinent information from McDonalds." (*Id.*, ¶¶ 9, 10 (citation omitted)). These conclusory allegations fail to meet the particularity requirements of Rule 9(b).

The only time that plaintiffs refer to defendants' alleged fraud with any specificity is when they assert that "Defendants represented to the Plaintiffs that the buyer would include a $500,000 gift to the Plaintiffs as part of the sales transaction but not as part of the official record" and that defendants "communicated a sale price of $3.6 million to the [p]laintiffs but $3.1 million to McDonald's Inc." (*Id.*, ¶ 5). Assuming, *arguendo*, that these allegations satisfy the heightened pleading standard of Rule 9(b), plaintiffs' fraud claim still fails for two reasons.

First, to state a claim for fraudulent misrepresentation, the defrauded individual must have been ignorant of the representation's falsity. *See Brookside Vill. Mobile Homes v. Meyers*, 782 S.W.2d 365, 367 (Ark. 1990) ("The burden of proving fraud requires not only a showing that the purchaser was without knowledge of the facts, but also that the ascertainment of the undisclosed fact was not within the reach of the purchaser's diligent attention or observation."); *see also Wells Fargo Credit Corp. v. Smith*, 803 P.2d 900, 905 (Ariz. Ct. App. 1990) (stating that, to make a claim for fraudulent misrepresentation, a plaintiff must show, among other things, the hearer's ignorance of the representation's falsity). Here, plaintiffs tacitly concede knowledge of the representation's falsity. The allegations in plaintiffs' complaint reveal that plaintiffs knew that defendants had falsely represented the sales price of plaintiffs' McDonald's franchises to

McDonald's (Dkt. No. 2, ¶ 5). What's more, plaintiffs attached a text message conversation to their complaint that pre-dates the sale and demonstrates plaintiffs' direct involvement in the scheme to defraud McDonald's by falsely representing the sales price (Dkt. No. 2, at 6).

Second, under Arkansas law, a plaintiff "can recover for fraud only if he in fact relies upon the misrepresentation in acting or in refraining from action." *Moss v. Am. Alternative Ins. Corp.*, 420 F. Supp. 2d 962, 965 (E.D. Ark. 2006) (citation and internal quotation marks omitted). Stated differently, "[t]he maker of a fraudulent misrepresentation is not liable to one who does not rely on that misrepresentation." *MFA Mut. Ins. Co. v. Keller*, 623 S.W.2d 841, 843 (Ark. 1981). Plaintiffs allege that defendants falsely represented the sales price of plaintiffs' McDonald's franchises so that McDonald's would approve the sale, which it did. The misrepresentation was made to McDonald's, not plaintiffs; in fact, the complaint indicates that plaintiffs were not only aware of the representation's falsity but actively participated in concealing from McDonald's the true sales price. No damage resulted to plaintiffs from McDonald's reliance upon defendants' misrepresentations.

Finally, to the extent that plaintiffs' allegations could be construed as alleging that defendants' representation that RCN Enterprises would surreptitiously pay them a $500,000 gift as part of the sale was itself fraudulent, this allegation does not meet the particularity requirements of Rule 9(b). Plaintiffs do not state when, where, or how defendants perpetrated such a concealment. Further, the Court observes that DHT previously filed suit against Raymond Nosler and RCN Enterprises in Pulaski County Circuit Court based on their alleged failure to honor the $500,000 gift. *See Nosler v. Nosler*, No. 60CV-17-3974 (Ark. Cir. Ct. June 4, 2019). That case has since settled and been dismissed with prejudice.

For these reasons, plaintiffs' fraud claim fails.

### 4. Malpractice And Statutory Claims

Plaintiffs allege that defendants' conduct "deviat[ed] from professional standards set by Arkansas Board of Accountancy as well as those established in Defendants' resident state of Arizona," and that they were "damaged as a result of the Defendants malpractice . . . ." (Dkt. No. 2, ¶¶ 8, 12). Specifically, plaintiffs allege that defendants "failed to adhere to the" professional standards for accountants identified in Arkansas Code Annotated §§ 17-12-302, 308, 311, and 402 (*Id.*, ¶ 13). They further allege that they are entitled to punitive damages under Arkansas Code Annotated §§ 16-55-206 and 208 (*Id.*, ¶¶ 14, 15). Plaintiffs, however, have not identified any specific act of a defendant that would support a violation of any of these provisions of the Arkansas Code. Instead, plaintiffs have merely listed sections of the Arkansas Code related to professional standards for accountants and accounting firms and claimed that defendants "failed to adhere to" them or that defendants' conduct violated them (*Id.*, ¶ 13). As written, plaintiffs' allegations of statutory violations by defendants consist of "naked assertion[s] devoid of further factual enhancement," *Retro Television*, 696 F.3d at 768 (alteration in original) (quoting *Iqbal*, 556 U.S. at 678), and do not "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. To the extent that plaintiffs assert a claim for common-law malpractice, that claim fails for the same reasons.

Further, the Court observes that § 17-12-302 discusses the education requirements for certified public accountants in Arkansas, that §§ 17-12-308 and 17-12-311 discuss reciprocity and substantial equivalency, respectively, and that § 17-12-402 discusses registration requirements for professional partnerships, corporations, sole proprietorships, and limited liability companies of public accountants. None of these sections would appear to support a private right of action, and plaintiffs have cited no authority to the contrary.

Sections 16-55-206 and 208 discuss the standards for an award of punitive damages and limitations on the amount of punitive damages, respectively, but plaintiffs' allegations, even if true, do not establish that defendants are liable for compensatory damages, a prerequisite for punitive damages under § 16-55-206.  Additionally, plaintiffs' bare recital of the aggravating factors necessary to support a punitive-damages award does not "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Accordingly, plaintiffs' common-law malpractice and statutory claims fail.

### IV. Conclusion

For the foregoing reasons, the Court denies plaintiffs' motion to remand (Dkt. No. 14) and grants defendants' motion to dismiss (Dkt. No. 7).  The Court dismisses without prejudice plaintiffs' claims against defendants.

It is so ordered this 7th day of December, 2020.

_____
Kristine G. Baker
United States District Judge